UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL E. PIECZYNSKI,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:20-1502** |
| : | |
| v. | |
| : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF PA**, *et al.*, | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 7), of Magistrate Judge Arbuckle recommending that this action to enforce an alleged arbitration award against the Commonwealth of Pennsylvania, two Luzerne County Court Judges, and the Luzerne County District Attorney, filed, *pro se,* by plaintiff Paul E. Pieczynski, be dismissed without prejudice, pursuant to Fed.R.Civ.P. 41, since plaintiff refuses to pay the proper filing fee for a civil case despite being directed to do so by the court. The instant report was filed on March 23, 2021.

On April 7, 2021, plaintiff filed objections to the report and recommendation, (Doc. 8), as well as a Motion for Relief, (Doc. 9), in which he seeks an order from this court to direct the Luzerne County Clerk of Court to return bail money to him. After having reviewed the record, the court will

**ADOPT IN ITS ENTIRETY** the report and recommendation. Plaintiff's objections will be **OVERRULED**. Plaintiff's complaint, (Doc. 1), will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's "Motion to Confirm Common Law Arbitration Award", (Doc. 6), and Motion for Relief, (Doc. 9), will be **DENIED AS MOOT**.

## II.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469

(M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III.   DISCUSSION

Since the report states the complete background of this case, it shall not be repeated herein. Suffice to say that this case is the second time plaintiff has attempted to file a case trying to enforce an alleged Luzerne County Court arbitration award against court officials, including judges, in which he erroneously contends that his action is a miscellaneous filing and he refuses to pay the civil action filing fee required to proceed in this court. The present case was filed on August 20, 2020. Plaintiff's other case, filed on October 8, 2020, was 20-CV-1849, M.D. Pa., and it was dismissed by this court on February 3, 2021, for failure to prosecute due to plaintiff's failure to pay the proper filing fee after he was repeatedly directed to pay by the court. Similar to his 20-CV-1849 case, plaintiff again refuses to pay the filing fee as he was directed to do in both of his cases. Since plaintiff once again refuses

to pay the proper filing fee for a civil action or seek leave of court to proceed *in forma pauperis*, and he once again ignores the orders of the court, the instant case will be dismissed under Rule 41, like his other case. Indeed, based on his 20-CV-1849 case, plaintiff is well aware of his obligation to pay the proper filing fee.

Since Judge Arbuckle correctly considered and balanced the six factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), the court does not repeat his analysis.

Additionally, the named defendants are entitled to various types of immunity with respect to plaintiff's claims, such as 11th Amendment immunity for the Commonwealth, absolute judicial immunity, and prosecutorial immunity. In fact, as this court noted in plaintiff's prior case, the Luzerne County Court Judges he names as defendants are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S.Ct. 496 (1985); Stump v. Sparkman, 435 U.S. 349, 356–67, 98 S.Ct. 1099 (1978); Clark v. Conahan, 737 F.Supp.2d 239, 255-256 (M.D. Pa. 2010).

Accordingly, plaintiff's complaint, (Doc. 1), will be **DISMISSED WITHOUT PREJUDICE**. *See* LeFever v. United States, 2020 WL 4551235 (M.D. Pa. Aug. 6, 2020) (holding "Rule 41(b) of the Federal Rules of Civil

Procedure authorizes the Court [under its "inherent power"] to dismiss an action '[i]f the plaintiff fails to prosecute.'"); Kearney v. Winstead, 2013 WL 664904 (M.D. Pa. Jan. 29, 2013), adopted by 2013 WL 656910, (court dismissed case without prejudice in accordance with Rule 41(b) due to plaintiff's failure to comply with the Court's Orders to pay the filing fee).

IV.   CONCLUSION

Accordingly, the report and recommendation of Judge Arbuckle, (Doc. 7), is **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41. Plaintiff's "Motion to Confirm Common Law Arbitration Award", (Doc. 6), and "Motion for Relief", (Doc. 9), are **DENIED AS MOOT**. The objections filed by plaintiff, (Doc. 8), to the report are **OVERRULED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 19, 2021**
20-1502-01

5